IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK11-40351 |
| **MICHAEL D. RAASCH,** ) | |
| **DIANE K. RAASCH,** ) | CHAPTER 11 |
| ) | |
| Debtors. ) | MOTION FOR REINSTATEMENT OF AUTOMATIC STAY |
| ) | |

Debtors MICHAEL D. RAASCH and DIANE K. RAASCH, by and through their attorney, David P. Thompson, hereby move the Court, pursuant to FCRP 59(e) and 11 U.S.C. §105, for an Order altering or amending its order dated March 29, 2011, granting the Motion for Relief from Stay filed by Exchange Bank (#20), to reinstate the automatic stay. In support of this motion, Debtors state as follows:

1. Debtors object to Exchange Bank's assertion of a perfected security interest in Debtors' interest in stock of M R I of Arizona, Inc., a Wisconsin corporation. In this regard, Debtors believe they have valid grounds for their objection and that the evidence will show:

   a. Perfection by filing was not accomplished by Exchange Bank. Debtors' interest in Stock of M R I of Arizona, Inc. is a certificated security. The stock certificate at all times relevant has been located in the State of Arizona. The UCC provides in §9-305 that the local law of the jurisdiction in which a certificated security is located governs perfection. Arizona Statutes §47-9501 provides that the Arizona Secretary of State's office is the proper filing office for perfection of a security interest in personal property, including a certificated security. No UCC filing was made by Exchange Bank in the proper filing office.

    b.    Perfection by control of an interest in a certificated security is achieved by delivery of the certificate, pursuant to §8-106 of the UCC. Exchange Bank's Security and Control agreement references provisions for perfection by control for an uncertificated security under the UCC that are not applicable in this instance.

    c.    The certificate of stock owned by Debtors was never delivered to Exchange Bank. The certificate has at all relevant times remained in the offices of the accountant of M R I of Arizona, Inc, in the State of Arizona. Exchange Bank did not perfect its security interest in the stock by delivery.

2.    Debtors objected to Exchange Bank's Motion for Entry of Order Prohibiting Debtors from Using Cash Collateral (#12) and a hearing will be held by this Court on the matter on April 6, 2011. The issue of the validity of Exchange Bank's security interest in the M R I Stock is raised in Debtors' objection.

3.    If for some reason, the issue of whether Exchange Bank has a validly perfected security interest in the M R I Stock is not resolved by order of the court following the hearing on April 6, 2011, it is the Debtors intention to object to Exchange Bank's claim to the extent it asserts a security interest in the M R I Stock to reach a determination of the matter.

4.    Debtors' counsel filed an appearance in this proceeding on March 1, 2011. Exchange Bank's Motion for Relief from Stay was filed earlier that day. Debtors' counsel did not receive an electronic copy or notice of the filing of the motion and was unaware of the motion and objection deadline until receiving electronic notice of the entry of the Order granting the motion.

5. If the stay remains lifted, Debtors will likely need to initiate state court proceedings to object to Exchange Bank's asserted security interest in the stock, resulting in unnecessary duplication of litigation in multiple forums and consequent expense to all parties involved.

6. Exchange Bank will not be unduly prejudiced by a reinstatement of the stay until the issue regarding perfection of its security interest in the stock can be resolved in this proceeding.

WHEREFORE, Debtors pray for an order from the Court reinstating the automatic stay until such time as a final Order of this Court is entered regarding the validity of Exchange Bank's security interest in the M R I stock, and for such other relief as the Court may deem just.

Dated: March 29, 2011

MICHAEL D. and DIANE K. RAASCH, Debtors

By: /s/ David P. Thompson
    David P. Thompson, #20171
    THOMPSON LAW PC LLO
    330 South 10th Street, Suite 220
    Lincoln, NE  68508
    (402) 474-0374
    (402) 474-0375 Facsimile
    thompsonlaw@windstream.net

### NOTICE

You are hereby notified pursuant to Neb. R. Bankr. P. 9013-1 as follows:

On March 29, 2011, David P. Thompson of Thompson Law PC LLO, attorney for Debtors, filed a Motion to Reinstate Automatic Stay.

    Any resistance to the Motion to Reinstate Automatic Stay shall set forth a specific factual and legal basis and conclude with an unambiguous request for particular relief. Any such resistance must be filed and served on or before **April 19, 2011.** A copy of any resistance or request shall be served upon David P. Thompson, 330 South 10th Street, Suite 220, Lincoln, NE 68508.

    If a resistance or request for hearing is filed with the Clerk of the U.S. Bankruptcy Court and served on counsel within the time specified, the clerk shall schedule a hearing. If no resistance or request for hearing is filed and served on Debtors' counsel, the Court will consider entering an order granting the relief sought without further notice or hearing.

    Dated: March 29, 2011.

    /s/ David P. Thompson

## CERTIFICATE OF SERVICE

    I hereby certify that on March 29, 2011, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, and further certify that on the same date I mailed by United States Postal Service, postage prepaid, the document to the non-CM/ECF participants on the current matrix.

    /s/ David P. Thompson